TYSON, Judge.
Lynn Berry brings this appeal from the denial by the Montgomery Circuit Court of her petition for a writ of error coram nobis. It appears from a statement of facts stipulated to by present counsel for Appellant and a representative of the Montgomery County District Attorney’s office that on July 3, 1979, Appellant was convicted for the sale of marijuana in violation of the Controlled Substances Act, § 20-2-70, Code of Alabama 1975, and sentenced to seven years imprisonment in the penitentiary. She was at the time represented by retained counsel, who gave oral notice of appeal for her immediately after her sentencing.
Subsequently, on October 26,1979, Appellant’s retained counsel, apparently because *160 of Appellant’s indigency, notified the trial court of his intent to withdraw from the ease as attorney of record, an action apparently acquiesced in by the court. It appears, however, that this attorney did, at the request of the court, file appropriate motions for the appointment of counsel for Appellant and for a free transcript on November 14, 1979. After the filing of these motions and the withdrawal of Appellant’s counsel, nothing further was done in the trial court until January 7, 1980, when the court determined after a hearing that Appellant was indeed indigent, appointed her counsel and ordered a free transcript provided to her. This court had, however, already dismissed Appellant’s original appeal on December 31, 1979, for failure to timely file a transcript, and on January 18, 1980, we dismissed her motion to reinstate the appeal. On February 28, 1980, Appellant’s appointed counsel filed the petition for writ of error coram nobis in the Montgomery Circuit court, which court denied the motion after hearing on March 24, 1980.
I
We are of the opinion that the attempt to perfect an original appeal is governed by the provisions of § 12-22-192 Code of Alabama, 1975, which reads as follows:
“In such criminal cases where the defendant has been adjudicated guilty by the trial court he may, if no motion for a new trial is filed within 10 days after the last day on which a motion for a new trial could have been filed or within 10 days after the ruling of the trial court upon a motion for a new trial, duly filed and ruled on adversely to defendant, file with the clerk or the trial judge of the court wherein such defendant was adjudicated guilty and sentenced a petition in writing, sworn to and subscribed by said defendant, stating that the defendant desires to take an appeal under the provisions of this division. Such petition must identify the style of the case, the offense for which the defendant was convicted, the plea made by the defendant, the date of the adjudication of guilt, the sentence and the punishment therefor and the name of the court imposing such punishment, together with the name of the trial judge. Such petition shall also contain the full name of the defendant, together with a statement that he desires to appeal either from the judgment of conviction or from the adverse ruling on the motion for a new trial, or both. Such petition must contain an averment that the defendant is without sufficient funds, and has no reasonable way to procure the same, to pay the court reporter all of his lawful fees for transcribing the evidence and other proceedings had at the trial of said case, or the fees of the clerk for preparing the record on appeal. In such other cases, including habeas corpus and coram nobis, which are related or collateral proceedings to a conviction of a criminal offense and which proceedings involve the life, liberty or property of a person convicted of a crime, the person convicted may, within 10 days after a judgment or order disposing of the proceedings adversely to said person, file with the clerk or the trial judge of the court making said order a similar petition describing and identifying the proceeding and stating the desire of the petitioner to appeal under the provisions of this division.”
It appears that the appellant was represented by retained counsel at trial who gave oral notice of appeal following conviction on July 3, 1979. However the trial court was not advised of Appellant’s indigency at the earliest date until October 26, 1979 and an adjudication to this effect did not take place until January 7, 1980, following a hearing. It appears therefore that the trial court was without jurisdiction to enter an order determining that the Appellant was an indigent after the time set out in the above Code section had expired.
It therefore follows that this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.